## 20478

BANKERS TRUST OF SOUTH CAROLINA (formerly State Bank and Trust Company), Executor of the Estate of L. C. Truesdale, Respondent, v. J. Pope TRUESDALE, James E. Truesdale, Jr., Individually and as Executor of the Estate of James E. Truesdale, Sr., Eve S. Truesdale, Merle Truesdale, a minor, Elizabeth T. Biggs, Earline T. Porterfield, Lewie L. Truesdale, Dorothy H. Truesdale, Beverly T. Meng, Bankers Trust of South Carolina (formerly State Bank and Trust Company), Trustee for the "Merle Truesdale Trust", under the Will of L. C. Truesdale, and Bankers Trust of South Carolina (formerly State Bank and Trust Company), Trustee under the Will of James E. Truesdale, Sr., Defendants, of whom J. Pope Truesdale and James E. Truesdale, Jr., Individually and as Executor of the Estate of James E. Truesdale, Sr., Dorothy H. Truesdale, and Beverly T. Meng are, Appellants.

(237 S. E. (2d) 45)

*Francis P. Mood, of Boyd, Knowlton, Tate* and *Finlay,* Columbia, *the Appellants, James E. Truesdale, Jr., et al.,* and *J. Means McFadden, of Robinson, McFadden, Moore* and *Pope, for Appellant, J. Pope Truesdale,*

193

*Michael H. Quinn, of Quinn* and *Smith,* Columbia, *for Respondent, Bankers Trust of S. C.*

*J. Carlisle Oxner, Jr.,* of Columbia, *for Respondent, Merle Truesdale,*

*John T. Sloan,* Columbia, *for Respondent,*

August 3, 1977.

LITTLEJOHN, Justice:

The plaintiff, Bankers Trust of South Carolina (formerly State Bank and Trust Company), as Executor of the Estate of L. C. Truesdale, commenced this action pursuant to the Uniform Declaratory Judgment Act, § 10-2001, *et seq.*, Code of Laws of South Carolina (1962), seeking a declaration of the rights and interests of the parties named in the last will and testament of L. C. Truesdale, deceased.

L. C. Truesdale (testator) died on January 11, 1969, leaving a will dated June 4, 1965. He named as his co-executors Bankers Trust of South Carolina and a son, J. E. Truesdale. J. E. Truesdale died about four months later (on May 5, 1969), and thereafter the Bank continued as sole executor.

The testator was first married to Mary Aiken Truesdale, who died several years before the execution of the will. To this marriage was born J. E. Truesdale, J. Pope Truesdale, Elizabeth T. Biggs, Earline T. Porterfield and Lewie L. Truesdale.

Before the execution of the will, the testator was next married to Eve Truesdale, who survives him, and to this marriage was born one child, Merle Truesdale, who was ten years of age when the will was signed in 1965.

J. E. Truesdale left a widow, Dorothy Truesdale, and two children, James E. Truesdale, Jr. and Beverly T. Meng. James E. Truesdale, Jr. is the executor of his father's estate.

Both at the time of making the will and at his death, the testator owned seven of a total of ten shares of stock in a corporation known as L. C. Truesdale, Inc. The other three shares were owned by the testator's son J. E. Truesdale. This corporation owned several parcels of valuable real estate. The testator's estate was substantial, but most of its value was in the seven shares of stock. The probate records reflect a value of $167,000.00 for his stock and approximately $10,000.00 for all other assets.

Controversy about the construction and effect of the will centers about the provision of Item V, which concerns the testators holdings in and disposition of the assets of the corporation.

Relevant parts of the will are as follows:

"Item II.

I give and bequeath to my son, Merle Truesdale, who is now a minor, the sum of Ten Thousand Dollars ($10,000.00) in cash; provided, however, that if my said son is under the age of twenty-five (25) years when the bequest is paid, said sum shall be paid over to the 'Merle Trusdale Trust' as established hereinbelow, in this, my Last Will and Testament.

"Item V.

I give and bequeath to my Co-Executors, hereinafter named, all of my capital stock in L. C. Truesdale, Inc. (which consists of seven (7) shares of Common Stock, representing seventy per cent (70%) of all outstanding capital stock therein) subject to the following terms and conditions:

A. That my Executors, as hereinafter named, in concert with my son, J. E. Truesdale, the owner of the remaining three (3) shares (30%) of the outstanding capital stock of

L. C. Truesdale, Inc., take such action as may be necessary to enable the corporation to:

(i) Transfer and deliver all of the right, title and interest of the corporation in and to a tract of land in Kershaw County, in or near Westville, South Carolina, consisting of approximately three hundred fifty (350) acres; said farm being my old Home Place to my son, Merle Truesdale; provided, however, that if my son is under the age of twenty-five (25) years on the date of such transfer and delivery of title, the property shall be conveyed to the 'Merle Truesdale Trust' as established herein.

(ii) [The realty here provided for Merle Truesdale was conveyed by the testator to J. Pope Truesdale prior to death of the testator and is of no concern in this action.]

(iii) Transfer and deliver fee simple, unencumbered title to the Bluff Road property of the corporation, consisting of approximately two hundred fifty (250) acres, to J. E. Truesdale and J. Pope Truesdale, share and share alike, including all improvements thereon, all farm machinery, automobile equipment and livestock on the premises and used in connection with the operation of said farm.

(iv) Transfer and deliver fee simple, unencumbered title to the Andrews Yard property of the corporation, consisting of a lot 114′ X 368′ with seven (7) frame buildings thereon, to J. E. Truesdale and J. Pope Truesdale, share and share alike.

(v) Pay from any remaining corporate assets, any unpaid estate obligations, including, but not limited to, debts, taxes, administration expenses and cash bequests; but only after first exhausting the other assets of my estate. [Included among these assets are five rental parcels of realty which have been sold by the executor.]

(vi) Transfer and deliver, in cash or in kind, absolutely and forever, share and share alike, all of the remaining cor-

porate assets of L. C. Truesdale, Inc., to my wife, Eve Slaughter Truesdale, and my three children, Lewie Truesdale, Elizabeth T. Biggs and Earline T. Porterfield.

B. Such transfers and distributions as my Exectuors are directed to make, shall be made as soon as possible, and in no event later than twenty-four (24) months subsequent to the date of my death. It is of no consequence to me whether the corporation be partially or wholly liquidated, or otherwise reorganized, just so long as my specific directions are carried out.

Item VI.

All the rest and residue of my estate, whether real, personal or mixed, and wheresover found and situate, of which I may die seized and possessed, I give, devise and bequeath, absolute and forever, share and share alike to my wife, Eve Slaughter Truesdale, and my three children, Lewie Truesdale, Elizabeth T. Biggs and Earline T. Porterfield."

The corporation was dissolved by articles of dissolution dated October 12, 1971. Prior thereto, on September 20, 1971, the corporation transferred all of its real estate in Richland County by two deeds, one deed conveying to Bankers Trust of South Carolina, as Executor of the Estate of L. C. Truesdale, deceased, an undivided seven-tenths interest to seven separately described pieces of realty. The other deed conveyed to James E. Truesdale, Jr., as Executor of the Estate of J. E. Trusdale, deceased, an undivided three-tenths interest to the same seven pieces of real property.

The record is not clear, but presumably (before dissolution) similar transfer of the corporation's interest in the old home place in Kershaw County was effected.

The corporation's assets have not been applied as directed by the testator in Item V of his will. It would appear that the assets belonging to the testator's estate, other than the capital stockholdings, were not sufficient to pay a bequest of $10,000.00 to defendant Merle Truesdale as provided under

Item II of the will, and probably not sufficient to pay all of the testator's debts and funeral expenses and other estate obligations such as taxes, but the extent of the deficiency is not clear from the record.

The matter was heard by the master in equity. It was his view that as a condition precedent to distribution under Item V, the three shares of stock of J. E. Truesdale would have to be conveyed to the testator's estate. It was his further view that it was a condition precedent that the distribution be made in the 24 month period referred to in Item V, 8. He recommended that Item V be invalidated because neither condition was met and that the properties referred to therein be distributed under the rest and residue clause, Item VI.

After exceptions were taken, the lower court adopted the master's report with modifications. The judge held that instead of distributing the Item V properties under the rest and residue clause, the same should be distributed under the statute of descent and distribution contained in § 19-52 of the 1962 Code. Under this section, the widow would take a one-third interest and the remaining two-thirds would be equally divided among the testator's six children, with the widow and two children of J. E. Truesdale taking his share.

Under the terms of Item V, Merle Truesdale, J. Pope Truesdale, and the heirs of J. E. Truesdale would inherit substantial properties; under the master's recommendation they would inherit none of these properties; and under the judge's order they would inherit a one-ninth interest each.

The heirs of J. E. Truesdale, and J. Pope Truesdale have appealed. They assert that the lower court erred in invalidating Item V. They allege that it was not a condition precedent that J. E. Truesdale convey his three shares of stock to the testator's estate, nor a condition precedent that distribution be made in the 24 months referred to in Item V, B. These are the major issues in this appeal.

Originally, J. Pope Truesdale and the heirs of J. E. Truesdale took different views, but their differences have been settled and their position is the same. J. Pope Truesdale now supports the position taken by the heirs of J. E. Truesdale.

It is the position of the heirs of J. E. Truesdale that they are entitled to a 30% interest in all of the properties owned by the corporation, including the old home place. Additionally, they assert that they are entitled to take, under Item V of the will, a one-half interest in an undivided seven-tenths interest to the Bluff Road property and the Andrews Yard property. Merle Truesdale takes the position that no distribution can be made under Item V, since the alleged conditions precedent were not met. Eve S. Truesdale also takes the position that the alleged conditions precedent have been breached and that the Item V properties must pass under the law of descent and distribution. Her position was adopted by the lower court.

The purpose of any will is to dispose of property which the testator owns. The paramount consideration in the construction of every will is to carry out the intentions of the testator. J. E. Truesdale owned three shares of stock in the corporation. The testator obviously realized that he, himself, owned only seven shares and could not in his will control the remaining three shares. Certainly, the testator could have required J. E. Truesdale to take certain actions relative to his own three shares of stock as a condition precedent to inheriting anything whatsoever under the will. If such was his intent it was not spelled out in the will, nor is it a necessary implication. The will was drawn by an attorney, and if the testator wished to require that his son J. E. Truesdale allow his interest in the corporation to be distributed as though a part of the testator's property, such a stipulation could have been made.

The pertinent portion of Item V, as relates to this issue, is as follows:

"I give . . . to my Co-Executors . . . all of my capital stock . . . subject to the following terms and conditions:"

■ The lower court interpreted this to bind one of the named executors, J. E. Truesdale, in his individual capacity, to part with his three shares of stock as a condition precedent to taking under the will. We disagree. The "terms and conditions" were directed to the co-executors and told them what to do, as constructive trustees in their executor capacity, with the seven shares of stock owned by the testator. The words "subject to the following terms and conditions", as used here, should be interpreted as "for the following purposes."

The lower court in effect ruled that J. E. Truesdale (now his heirs), J. Pope Truesdale and Merle Truesdale could not inherit under Item V unless J. E. Truesdale gave up a 30% interest in *all* the corporate assets as a condition for inherting a 50% interest in only two parcels of real estate owned by the corporation.

■ The lower court also held that the distribution of the property to (1) Merle Truesdale under Item V.A. (i), and to (2) J. E. Truesdale and J. Pope Truesdale under Item V, A(iii) and (iv), within 24 months was a condition precedent to any distribution whatever under Item V. We think this is a strained construction. The time of the transfer is a matter which beneficiaries Merle Truesdale and J. Pope Truesdale could not control, or even influence, at any time. Beneficiary J. E. Truesdale could not have controlled or influenced it during the four months he acted as co-executor before his death, except with the cooperation of the Bank as co-executor. After the death of J. E. Truesdale, the Bank could have effected the transfer, but not until it received a deed from the corporation. Such a transfer, of course, could have been of only a seven-tenths undivided interest. We hold that the 24 month stipulation was merely precatory. It was not the intent of the testator that the beneficiaries named in Item V be deprived of their inheritance because the co-executors, or sole surviving executor, did not comply with this direction in point of time. Appellants argue that it

was impossible to perform within the 24 month period, and this has substantial appeal, but we need not reach this approach to decide the issue.

We next determine:

(1) Who is entitled to the old home place, referred to in Item V, A(i), designated for Merle? and

(2) Who is entitled to the Bluff Road property and the Andrews Yard property, referred to in Item V, A(iii) and (iv), designated for J. E. Truesdale and J. Pope Truesdale?

The properties described in Item V represent approximately 85% of the assets of the entire estate, and it was obviously the intent of the testator that the three children named therein receive a lion's share of the properties in which he had an interest. His intent can be carried out with comparatively minor exception.

There can be no serious doubt but that the testator intended for his executors to bring about a transfer of his 70% interest, represented by his shares of stock, in the home place to his son Merle. The executor can now effect this transfer. The testator had no right to control the other 30%. If he desired Merle to have the other 30% interest, he simply did not require the same as a condition precedent by the terms of the will. The fact that 100% interest cannot be transferred to Merle should not prevent Merle's receiving that which the testator wanted him to have.

Also, there can be no serious doubt but that the testator intended for J. E. Trusdale and J. Pope Truesdale to jointly have the Bluff Road property and Andrews Yard property in some proportion. The interests of these parties, insofar as the precentages is concerned, have now been settled, and this Court is not asked to determine any issue between them. No other parties to this action have reason to be concerned with their agreement. They are jointly entitled to the seven-tenths undivided interest in and to the Bluff Road property and the Andrews Yard property.

We must now determine out of what funds the $10,000.00 bequest to Merle may be paid. It shall be first charged against assets described in Item VI; and, secondly, a charge against the assets described in Item V, B(v). It is not a charge against the Bluff Road property, the Andrews Yard property, the old home place property, or against other specific bequests or devises.

Our rulings herein adjust the conflicts between the parties to this action. All rights to properties are, of course, subject to claims for taxes and other prior liens.

A ruling on the other questions and issues raised in the briefs is not necessary in the light of our disposition of the case.

Reversed and Remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.